## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL CINTRON SR., an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 14-cv-04100 Judge: Hon. Milton I. Shadur |
| SAUD HAIDARI, an individual; SCOTT M. SCLECHTER, an individual; JOHN M. MOSS, an individual; FRANCISCO J. GOMEZ, an individual; CYNTHIA A. CONTRERAS, an individual; VERLISHER H. SYAS, an individual; JASON E. MCFADDEN, an individual; THOMAS M. HORTON, an individual; MATTHEW J. KASPUT, an individual; KIMBERLY A. OTTEN, an individual; and THE CITY OF CHICAGO, a municipal corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Samuel Cintron Sr., by and through his counsel, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., brings his First Amended Complaint against Defendants: Saud Haidari; Scott M. Sclechter; John M. Moss; Francisco J. Gomez; Cynthia A. Contreras; Verlisher H. Syas; Jason E. McFadden; Thomas M. Horton; Matthew J. Kasput; Kimberly A. Otten; and the City of Chicago. In support, Plaintiff states:

1.      Plaintiff, Samuel Cintron Sr. ("Cintron"), is an individual and was, at all relevant times, a citizen of the United States and a resident of the State of Illinois.

2.      Cintron is currently incarcerated under the custody of the Department of Corrections of Cook County, Illinois.

3.      Defendant, Saud Haidari, is an individual and was, at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 18379.

4.      Defendant, Scott M. Slechter, is an individual and was, at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 13313.

5.      Defendant, John M. Moss, is an individual and was, at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 10791.

6.      Defendant, Francisco J. Gomez, is an individual and was, at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 12040.

7.      Defendant, Cynthia A. Contreras, is an individual and was, at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 16847.

8.      Defendant, Verlisher H. Syas, is an individual and was, at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 19154.

9.      Defendant, Jason E. McFadden, is an individual and was, at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 5881.

10.     Defendant, Thomas M. Horton, is an individual and was, at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 2545.

11.     Defendant, Matthew J. Kasput, is an individual and was, at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 8223.

12.     Defendant, Kimberly A. Otten, is an individual and was, at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 7988.

13. Defendant, City of Chicago, is a municipal corporation with its principal place of operation located in Cook County, Illinois.

14. At all relevant times, all individual defendants were duly appointed law enforcement officers with the Chicago Police Department acting under color of law and within the scope of their employment with the City of Chicago.

15. On March 26, 2013, Cintron resided at 6157 S. Talman Avenue, Chicago, Illinois 60629 ("Premises").

16. Cintron resided in the Basement Unit of the Premises ("Residence").

17. On March 26, 2013, all individual defendants (collectively, and hereafter, "Officers") entered the Residence, purportedly under the authority of a search warrant.

18. None of the Officers knocked on the front door to the Premises prior to breaking that front door and entering the interior of the Premises.

19. None of the Officers knocked on the front door to the Residence prior to breaking that front door and entering the Residence.

20. None of the Officers knocked on the rear door to the Residence prior to breaking that rear door and entering the Residence.

21. None of the Officers announced their presence by verbally identifying themselves as law enforcement officers prior to breaking the front door of the Premises and entering the interior of the Premises.

22. None of the Officers announced their presence by verbally identifying themselves as law enforcement officers prior to breaking the front door of the Residence and entering the Residence.

23.     None of the Officers announced their presence by verbally identifying themselves as law enforcement officers prior to breaking the rear door of the Residence and entering the Residence.

24.     At the time they entered the Residence, the Officers did not have reason to believe that they would encounter violence, resistance, or danger within the Residence.

25.     While inside the Residence, one or more of the Officers broke, destroyed, or otherwise damaged personal property owned by Cintron including, but not limited to: three televisions; a couch; a mattress; food; dishes; and clothing.

26.     While inside the Residence, one or more of the Officers broke, destroyed, or otherwise damaged the Premises and Residence in the following manner: breaking several large holes in the interior drywall of the Residence; tearing out in-wall lighting fixtures in the Residence; damaging doors to the interior rooms inside the Residence; and damaging the front door to the Premises, the front door to the Residence, and the rear door to the Residence to the point that none of these three doors were capable of locking.

27.     Thias Love ("Love"), an individual, was present at the Residence at the time the Officers arrived at the Premises and entered the Residence.

28.     Love observed the condition of the Residence prior to the Officers' entry into the Residence.

29.     Love was present during the period of time in which the Officers were at the Residence and observed much of the Officers' conduct while the Officers executed their search and destruction of the Residence.

30.     Love observed the ransacked, damaged condition of the Residence and its contents while the Officers were at the Residence.

31.     Cintron observed the ransacked, looted, damaged condition of the Residence and its contents after the Officers left the Residence.

32.     The Officers did not lock, fix, or otherwise secure the front door to the Premises, the front door to the Residence, or the rear door to the Residence prior to leaving the Premises.

33.     Before the Officers left the Premises they instructed Love to leave the Premises.

34.     After the Officers left the Premises, unknown individuals entered the Residence and removed from the Residence personal property owned by Cintron including, but not limited to: electronics, jewelry, clothing, and tools.

35.     The Premises is located in an area of Chicago in which property and violent crimes frequently occur.

## Jurisdiction and Venue

36.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 and the supplemental jurisdiction of the State of Illinois.

37.     Venue is proper in this Court as the events pertaining to this matter occurred within the judicial district of this Court.

### Count I
### *Violation of Fourth Amendment – Right to Privacy*
### (as to all Officers)

38.     Cintron restates and incorporates by reference the allegations contained in Paragraphs 1 through 37 as though fully set forth in this Paragraph.

39.     One or more of the Officers violated Cintron's right to privacy protected by the Fourth Amendment to the Constitution of the United States through one or more of the following acts or omissions:

a.     Failing to knock and announce his/her/their presence and identity as law enforcement officers prior to entering the Residence;

b.     Unreasonably executing the purported search warrant through his/her/their destruction of Cintron's personal property;

c.     Unreasonably executing the purported search warrant through his/her/their destruction of the Residence and its doors; and

d.     Failing to fix, lock, or otherwise secure the doors to the Premises and Residence prior to leaving the Premises.

40.     As a direct and proximate result of one or more of the Officers' conduct, Cintron suffered deprivations to his constitutional right to privacy; fear; humiliation; and monetary loss.

WHEREFORE, Plaintiff, Samuel Cintron Sr., prays for entry of an order granting judgment in his favor and against all individual defendants, awarding relief in the form of monetary compensation in the amount of $50,000.00, costs of suit, and any further relief this Court deems just and reasonable under the circumstances.

### <u>Count II</u>
### *Willful and Wanton Conduct*
### (as to all Officers)

41.     Cintron restates and incorporates by reference the allegations contained in Paragraphs 1 through 37 as though fully set forth in this Paragraph.

42.     During their visit to the Premises, the Officers had a duty to refrain from willful and wanton conduct which would endanger the safety and security of Cintron's personal property.

43.     One or more of the Officers violated Cintron's private property rights through one or more of the following willful and wanton acts or omissions:

a.     Failing to knock and announce his/her/their presence and identity as law enforcement officers prior to entering the Residence;

    b.      Destroying Cintron's personal property during the unreasonable execution of the purported search warrant;

    c.      Destroying the Residence and its doors during the unreasonable execution of the purported search warrant; and

    d.      Failing to fix, lock, or otherwise secure the doors to the Premises and Residence prior to leaving the Premises.

44.     As a direct and proximate result of one or more of the Officers' utter indifference or conscious disregard for Cintron's property rights, Cintron suffered significant monetary loss.

WHEREFORE, Plaintiff, Samuel Cintron Sr., prays for entry of an order granting judgment in his favor and against all individual defendants, awarding relief in the form of monetary compensation commensurate with the value of the personal property, costs of suit, interest, and any further relief this Court deems just and reasonable under the circumstances.

### Count III
*Indemnity*
**(as to the City of Chicago)**

45.     Cintron restates and incorporates by reference the allegations contained in Paragraphs 1 through 44 as though fully set forth in this Paragraph.

46.     Pursuant to the Local Governmental and Governmental Employees Tort Immunity Act, a public entity must indemnify its employees who are found liable for tort damages within the scope of their employment activities.

47.     In the event this Court enters judgment in favor of Cintron and against any of the Officers, the City of Chicago must indemnify the Officers for the amount of the judgment.

WHEREFORE, in the event a judgment is entered against any of the individual defendants, Plaintiff, Samuel Cintron Sr., prays for entry of an order requiring the City of Chicago to indemnify the individual defendants, who are subject to the judgment, for the total

amount of the judgment plus costs of suit, interest, and awarding any further relief this Court

deems just and reasonable under the circumstances.

Respectfully Submitted,

SAMUEL CINTRON SR.


By:      /s/ Jonathan M. Mraunac
                    One of His Attorneys


Randolph E. Ruff (ARDC: 6193537)
Jonathan M. Mraunac (ARDC: 6293435)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, Illinois  60606
312.558.1220
randolph.ruff@ogletreedeakins.com
jonathan.mraunac@ogletreedeakins.com

Dated:  October 24, 2014

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on this 24th day of October, 2014, he electronically filed the foregoing **FIRST AMENDED COMPLAINT** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Christopher A. Wallace
> CITY OF CHICAGO DEPARTMENT OF LAW
> 30 N. LaSalle Street, Suite 900
> Chicago, IL 60602
> christopherwallace@cityofchicago.org

/s/ Jonathan M. Mraunac

*c/m: 038343-1*

18214266.1