# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL CINTRON, SR., | ) |
| | ) Case No. 14 C 4100 |
| Plaintiff, | ) |
| | ) Judge: Hon. Milton I Shadur |
| vs. | ) |
| | ) |
| SAUD HAIDARI, an Individual; | ) |
| SCOTT M. SCLECHTER, an Individual; | ) |
| JOHN M MOSS, an Individual; FRANCISCO J. | ) |
| GOMEZ, an Individual; CYNTHIA A. | ) |
| CONTRERAS, an Individual; | ) |
| VERLISHER H. SYAS, an Individual; JASON | ) |
| E. MCFADDEN, an Individual, THOMAS M. | ) |
| HORTON, an Individual; MATTHEW J. | ) |
| KASPUT, an Individual; | ) |
| KIMBERLY A. OTTEN, an Individual; and THE | ) |
| CITY OF CHICAGO, a municipal corporation, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant City of Chicago ("the City") and Individual Defendants Saud Haidari, Scott Slechter, John Moss, Francisco Gomez, Cynthia Contreras, Verlisher Syas, Jason McFadden, Thomas Horton, Matthew Kasput, and Kimbery Otten (collectively referred to herein as the "Defendants"), by one of their attorneys, Christopher A. Wallace, Senior Counsel of the City of Chicago Department of Law, submit the following Joint Answer to Plaintiff's First Amended Complaint, Affirmative Defenses, and Jury Demand.

1. Plaintiff, Samuel Cintron Sr. ("Cintron"), is an individual and was, at all relevant times, a citizen of the United States and a resident of the State of Illinois.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

2. Cintron is currently incarcerated under the custody of the Department of Corrections of Cook County, Illinois.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

3. Defendant, Saul Haidari, is an individual and was at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 18379.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

4. Defendant, Scott M. Slechter, is an individual and was at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 13313.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

5. Defendant, John M. Moss, is an individual and was at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 10791.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

6. Defendant, Francisco J. Gomez, is an individual and was at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 12040.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

7. Defendant, Cynthia A. Contreras, is an individual and was at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 16847.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

8. Defendant, Verlisher H. Syas, is an individual and was at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 19154.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

9. Defendant, Jason E. McFadden, is an individual and was at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 5881.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

10. Defendant, Thomas M. Horton, is an individual and was at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 2545.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

11. Defendant, Matthew J. Kasput, is an individual and was at all relevant times, a law enforcement officer with the Chicago Police Department having Star No. 8223.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

12. Defendant, Kimberly A. Otten, is an individual and was at all relevant times, a law

enforcement officer with the Chicago Police Department having Star No. 7988.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

13. Defendant, City of Chicago, is a municipal corporation with its principal place of operation located in Cook County, Illinois.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

14. At all relevant times, all individual defendants were duly appointed law enforcement officers with the Chicago Police Department acting under color of law and within the scope of their employment with the City of Chicago.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

15. On March 26, 2013, Cintron resided at 6157 S. Talman Avenue, Chicago, Illinois 60629 ("Premises").

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

16. Cintron resided in the Basement Unit of the Premises ("Residence").

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

17. On March 26, 2013, all individual defendants (collectively, and hereafter, "Officers") entered the Residence, purportedly under the authority of a search warrant.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

18. None of the Officers knocked on the front door to the Premises prior to breaking that front door and entering the interior of the Premises.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

19. None of the Officers knocked on the front door to the Residence prior to breaking that front door and entering the Residence.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

20. None of the Officers knocked on the rear door to the Residence prior to breaking that rear door and entering the Residence.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

21. None of the Officers announced their presence by verbally identifying themselves as law enforcement officers prior to breaking the front door of the Premises and entering the interior

of the Premises.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

22. None of the Officers announced their presence by verbally identifying themselves as law enforcement officers prior to breaking the front door of the Residence and entering the Residence.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

23. None of the Officers announced their presence by verbally identifying themselves as law enforcement officers prior to breaking the rear door of the Residence and entering the Residence.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

24. At the time they entered the Residence, the Officers did not have reason to believe that they would encounter violence, resistance, or danger within the Residence.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

25. While inside the Residence, one or more of the Officers broke, destroyed, or otherwise damaged personal property owned by Cintron including, but not limited to: three televisions; a couch; a mattress; food; dishes; and clothing.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

26. While inside the Residence, one or more of the Officers broke, destroyed, or otherwise damaged the Premises and Residence in the following manner: breaking several large holes in the interior drywall of the Residence; tearing out in-wall lighting fixtures in the Residence; damaging doors to the interior rooms inside the Residence; and damaging the front door to the Premises, the front door to the Residence, and the rear door to the Residence to the point that none of these three doors were capable of locking.

**ANSWER**: **Defendants admit that the front door to enter the building and the door to enter the basement of the building were opened with force. Answering further, Defendants deny the remaining allegations set forth in this paragraph.**

27. Thias Love ("Love"), an individual, was present at the Residence at the time the Officers arrived at the Premises and entered the Residence.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

28. Love observed the condition of the Residence prior to the Officers' entry into the

4

Residence.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph.**

29. Love was present during the period of time in which the Officers were at the Residence and observed much of the Officers' conduct while the Officers executed their search and destruction of the Residence.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

30. Love observed the ransacked, damaged condition of the Residence and its contents while the Officers were at the Residence.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph with respect to what Love claims he observed but deny engaging in the wrongful conduct complained of by Plaintiff.**

31. Cintron observed the ransacked, looted, damaged condition of the Residence and its contents after the Officers left the Residence.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph with respect to what Plaintiff claims he observed but deny engaging in the wrongful conduct complained of by Plaintiff.**

32. The Officers did not lock, fix, or otherwise secure the front door to the Premise, the front door to the Residence, or the rear door to the Residence prior to leaving the Premises.

**ANSWER**: **Defendants admit the allegation that the Officers did not lock or fix the front door to the building or the door leading to the basement but deny that Plaintiff has fully or accurately set forth the circumstances relating to the execution of the search warrant. Answering further, Defendants deny the remaining allegations set forth in this paragraph.**

33. Before the Officers left the Premises they instructed Love to leave the Premises.

**ANSWER**: **Defendants admit that at some point Mr. Love was instructed to leave the premises.**

34. After the Officers left the Premises, unknown individuals entered the Residence and removed from the Residence personal property owned by Cintron including, but not limited to: electronics, jewelry, clothing, and tools.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph.**

35. The Premises is located in an area of Chicago which property and violent crimes frequently occur.

**ANSWER**: **Defendants admit the allegations set forth in this paragraph.**

## Jurisdiction and Venue

36. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 and the supplemental jurisdiction of the State of Illinois.

**ANSWER**: **Defendants admit that jurisdiction is proper.**

37. Venue is proper in this Court as the events pertaining to this matter occurred within the judicial district of this Court.

**ANSWER**: **Defendants admit that venue is proper.**

## Count I
### *Violation of Fourth Amendment - Right to Privacy*
### (As to all Officers)

38. Cintron re-states and incorporates by reference the allegations contained in Paragraphs 1 through 37 as though fully set forth in this Paragraph.

**ANSWER**: **Defendants reassert their answers contained in the preceding paragraphs one through thirty-seven (1-37) and incorporate their answers herein, as though fully stated.**

39. One or more of the Officers violated Cintron's right to privacy protected by the Fourth Amendment to the Constitution of the United States through one or more of the following acts or omissions;

　　a. Failing to knock and announce his/her their presence and identity as law enforcement officers prior to entering the Residence;

　　b. Unreasonably executing the purported search warrant through his/her/their destruction of Cintron's personal property;

c.  Unreasonably executing the purported search warrant through his/her/their destruction of the Residence and its doors; and

d.  Failing to fix, lock, or otherwise secure the doors to the Premises and Residence prior to leaving the Premises;

**ANSWER**: **Defendants deny the allegations set forth in this paragraph and its subparts.**

40. As a direct and proximate result of one or more of the Officers' conduct, Cintron suffered deprivations to his constitution right to privacy; fear; humiliation; and monetary loss.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

*WHEREFORE, Defendants request this Court enter judgment in their favor as to Count I and against plaintiff and enter any other relief in favor of them and against plaintiff that this Court deems just and proper.*

### Count II
*Willful and Wanton Conduct*
**(As to all Officers)**

41. Cintron restates and incorporates by reference the allegations contained in Paragraphs 1 through 37 as though fully set forth in the Paragraph.

**ANSWER**: **Defendants reassert their answers contained in the preceding paragraphs one through thirty-seven (1-37) and incorporate their answers herein, as though fully stated.**

42. During their visit to the Premises, the Officers had a duty to refrain from willful and wanton conduct which would endanger the safety and security of Cintron's personal property.

**ANSWER**: **Defendants admit that there was a duty to refrain from willful and wanton misconduct. Defendants deny the remaining allegations set forth in this paragraph.**

43. One or more of the Officers violated Cintron's private property rights through one or more of the following willful and wanton acts or omissions;

a.  Failing to knock and announce his/her/their presence and identity as law

7

enforcement officers prior to entering the Residence;

b. Destroying Cintron's personal property during the unreasonable execution of the purported search warrant;

c. Destroying the Residence and its doors during the unreasonable execution of the purported search warrant; and

d. Failing to fix, lock, or otherwise secure the doors to the Premises and Residence prior to leaving the Premises.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph and its subparts.**

44. As a direct and proximate result of one or more of the Officers' utter indifference or conscious disregard for Cintron's property rights, Cintron suffered significant monetary loss.

**ANSWER**: **Defendants deny the allegations set forth in this paragraph.**

*WHEREFORE, Defendants request this Court enter judgment in their favor as to Count II and against plaintiff and enter any other relief in favor of them and against plaintiff that this Court deems just and proper.*

### Count III
### *Indemnity*
### (As to the City of Chicago)

45. Cintron re-states and incorporates by reference the allegations contained in Paragraphs 1 through 44 as though fully set forth in this Paragraph.

**ANSWER**: **Defendants reassert their answers contained in the preceding paragraphs one through forty-four (1-44) and incorporate their answers herein, as though fully stated.**

46. Pursuant to the Local Governmental and Governmental Employees Tort Immunity Act, a public entity must indemnify its employees who are found liable for tort damages within the scope of their employment activities.

**ANSWER**: **The City admits that under Illinois law, under certain circumstances, public entities, such as the City, are directed to pay compensatory damages on a tort judgment**

**against an employee acting within the scope of his or her employment, but the City denies that this paragraph contains a complete or accurate statement of the law. The City states that the allegations of this paragraph that suggest, allege, or otherwise imply that the City is liable as principal for all torts committed by its agents contains a vague, incomplete, and/or incorrect statement of the nature of the City's liability under Illinois law, and therefore such allegations are denied.**

47. In the event this Court enters judgment in favor of Cintron and against any of the Officers, the City of Chicago must indemnify the Officers for the amount of the judgment.

**ANSWER**: **The City admits that under Illinois law, under certain circumstances, public entities, such as the City, are directed to pay compensatory damages on a tort judgment against an employee acting within the scope of his or her employment, but the City denies that this paragraph contains a complete or accurate statement of the law. The City states that the allegations of this paragraph that suggest, allege, or otherwise imply that the City is liable as principal to pay any judgment for all torts committed by its agents contains a vague, incomplete, and/or incorrect statement of the nature of the City's liability under Illinois law, and therefore such allegations are denied.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's state-law claims in Count II are barred by the one-year statute of limitations specified in the Illinois Tort Immunity Act at 745 ILCS 10/8-101(a).

2. Any award of damages against the Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own failure to secure his premises and/or prevent any losses or damage to his personal and/or real property.

## JURY DEMAND

Defendants demand a trial by jury for all issues so triable.

Respectfully submitted,

Defendants City of Chicago, Saud Haidari, Scott Slechter, John Moss, Francisco Gomez, Cynthia Contreras, Verlisher Syas, Jason McFadden, Thomas Horton, Matthew Kasput, and Kimbery Otten

By: */s/ Christopher A. Wallace*
Christopher A. Wallace
Senior Counsel
*Attorney for Defendants*

City of Chicago Department of Law
30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC# 6278655

## CERTIFICATE OF SERVICE

I, Christopher Wallace, certify that on December 5, 2014, I caused a copy of Defendants' Joint Answer to Plaintiff's First Amended Complaint and Jury Demand to be served upon all counsel of record by filing the same before the Court via the ECF system.

*/s/ Christopher Wallace*
Christopher Wallace